IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CAROL SUE ROBERSON,

    Petitioner,

v.

TONY HOWERTON, WARDEN,

    Respondent.

CIVIL ACTION NO.: CV609-017

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carol Sue Roberson ("Roberson"), who is currently incarcerated at Lee Arrendale State Prison in Alto, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge her conviction obtained in the Emanuel County Superior Court. Respondent filed a Motion to Dismiss, to which Roberson responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Roberson was convicted of murder after pleading guilty, but mentally ill, to this charge in the Emanuel County Superior Court in May 1990. Roberson was sentenced to life imprisonment and did not pursue a direct appeal.

Roberson filed a petition for writ of habeas corpus in the Baldwin County Superior Court. After an evidentiary hearing, that court found that Roberson did not receive ineffective assistance of counsel and that her guilty plea was voluntarily and
AO 72A
(Rev. 8/82)

knowingly entered. The Georgia Supreme Court denied Roberson's request for probable cause to appeal.

Roberson filed a second application for writ of habeas corpus in the Washington County Superior Court, which was transferred to the DeKalb County Superior Court. After an evidentiary hearing, the DeKalb County Superior Court dismissed Roberson's petition as successive, as the grounds raised in her second application could have been raised in her first application. (Resp't's Ex. A, pp. 3-4).

Roberson filed a petition for writ of habeas corpus in this Court, Roberson v. Esposito, Case Number CV694-111. The Honorable B. Avant Edenfield, adopting the Report and Recommendation of United States Magistrate Judge W. Leon Barfield, denied Roberson's petition as raising no meritorious grounds for relief. (Resp't's Exs. A-C). The Eleventh Circuit Court of Appeals denied Roberson's certificate of probable cause to appeal. (Doc. No. 10, pp. 1-2).[1]

In this petition, Roberson again challenges her 1990 Emanuel County conviction. According to Roberson, she was not permitted to withdraw her guilty plea, even though she filed a timely motion to do so. Roberson contends that the trial court did not conduct a "sanity" hearing prior to the entry of her guilty, but mentally ill, plea. (Doc. No. 1, p. 4). Roberson also contends that this Court wrongfully changed her January 2007 mandamus action to a third successive habeas corpus petition. Respondent asserts Roberson's petition should be dismissed because the petition is successive and this Court lacks jurisdiction over the petition.

---

[1] Roberson filed Roberson v. Emanuel Co. District Attorney, et al., CV608-11, in the Northern District of Georgia, and that case was transferred to this Court. Roberson's petition for writ of habeas corpus was dismissed as a second or successive petition by Order dated July 7, 2008. (CV608-11, Doc. No. 21).

## DISCUSSION AND CITATION TO AUTHORITY

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Roberson has failed to obtain authorization from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a second or successive petition. Respondent also alleges it is unnecessary to transfer this case to the Eleventh Circuit for a determination of whether she should be granted authorization to proceed in this second or successive petition because Roberson's petition is untimely under 28 U.S.C. § 2244(d).

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless-*

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Roberson has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain her second or successive petition.[2] While it would ordinarily be permissible for this Court to transfer her petition to the Court of Appeals, it is not in this case. Roberson's petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Any claims for relief that Roberson previously set forth in her other applications would be dismissed. 28 U.S.C. § 2244(b)(1). Thus, Roberson's claims in this petition pertaining to a sanity hearing and withdrawal of her guilty plea should be dismissed. (See Resp't's Ex. A, pp. 7-8). Furthermore, Roberson has failed to show that any claims not set forth in her prior applications fit within the exceptions of section 2244(b)(2)(B).

---

[2] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Roberson's petition filed with this Court on May 26, 1994, was dismissed with prejudice. (CV694-111, Doc. Nos. 41, 43).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Roberson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this 7th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE